# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 08-cv-00981-REB-BNB

CAMP COAST TO COAST, INC., a Delaware Corporation,
GRAND INCENTIVES, INC., a Florida Corporation, and
CHICAGO TITLE COMPANY, a California Coporation,

    Plaintiffs,

v.

WOODBINE INVESTMENTS, LLC, a Wyoming Corporation,

    Defendant.

## TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

    This matter is before me on the plaintiff's Motion for Temporary Restraining Order, which is a part of **Plaintiff's Verified Motion for Temporary Restraining Order** [#2], filed May 12, 2008.  Defendants has been served properly with a summons, copies of the plaintiff's complaint, and the motion for temporary restraining order.  I grant the motion.

## I.  BACKGROUND

    On May 12, 2008, I entered a **Scheduling Order** [#7], which required, *inter alia*, that defendant file a response to the motion by close of business on Wednesday, May 14, 2008.  Defendant filed no response.  In the same order, I set plaintiff's motion for hearing for Thursday, May 15, 2008, beginning at 2:30 p.m.  A copy of my order was hand delivered personally to defendant's registered agent on May 13, 2008.  (**Certificate of Service** [#7], filed May 13, 2008.)  In addition, plaintiffs forwarded copies of the complaint to two of defendants principals, John Wunder and Bill White, via email, both prior and subsequent to the filing of the lawsuit.  Plaintiffs subsequently forwarded to Wunder and

White copies of my Scheduling Order setting the hearing on the motion for temporary restraining order via email as well.  Plaintiffs received no response to these emails.  Plaintiffs' counsel also telephoned both Wunder and White and left messages for them detailing the specifics of the lawsuit and the hearing, but received no response to those messages.  Finally, a representative of plaintiff Chicago Title Company, Joann Lockard, spoke with Wunder after the lawsuit had been filed, but prior to the entry of my Scheduling Order, and advised him that plaintiffs had filed suit against his company, that a TRO was being sought, and that further papers would be forthcoming once a hearing had been set.  Counsel for plaintiffs proffered that if called as a witness, Lockard would testify that Wunder communicated to her his understanding of these facts.

I conducted a hearing on plaintiff's motion for temporary restraining order on May 15, 2008, beginning at 2:30 p.m.  Plaintiffs appeared by counsel and with individual representatives of the plaintiff corporations.  Defendant, Woodbine Investments, LLC, did not appear by counsel or otherwise.

This civil action was commenced on May 12, 2008, by plaintiff's filing of the **Verified Complaint** [#1]. The verified complaint avers three substantive claims for relief: 1) breach of the Distribution and Fulfillment Agreement; 2) breach of the Escrow Agreement; and 3) conversion and infringement of trade secrets.  I have subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship).  Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391.

## II.  ANALYSIS

In determining whether a temporary restraining order should issue, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; I have considered the evidence adduced at the hearing; I have considered the oral argument made by counsel

for plaintiffs, and I have considered the evidence presented, reasons stated, arguments advanced, and authorities cited by plaintiffs in the verified motion for TRO.

A temporary restraining order is extraordinary relief.  A party seeking a preliminary injunction or a temporary restraining order must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) that the injunction, if issued, would not be adverse to the public interest.  **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980).  In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  **FED. R. CIV. P. 65(b)**.

On balance, the record in this case demonstrates that these factors weigh heavily in favor of injunctive relief, initially in the form of a temporary restraining order.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That under Fed.R.Civ.P. 65, **Plaintiff's Verified Motion for Temporary Restraining Order** [#2], filed May 12, 2008, is **GRANTED** on the terms stated in this order, **EFFECTIVE FORTHWITH**;

2.  That defendant, Woodbine Investments, LLC, is **TEMPORARILY ENJOINED AND RESTRAINED** from contacting or communicating with any consumer purchasers ("Participants") in the Coast to Coast Getaways Club ("Program");

3.  That defendant, Woodbine Investments, LLC, is **TEMPORARILY ENJOINED AND RESTRAINED** from using or disseminating personal information relating to

-3-

Participants, including but not limited to Participants' names, addresses, telephone numbers, fax numbers, email addresses, and other contact information, personal information, and financial information of Participants ("Participant Information");

4. That defendant, Woodbine Investments, LLC, is **TEMPORARILY ENJOINED AND RESTRAINED** from any use of plaintiff Camp Coast To Coast, Inc.'s trademarks, including but not limited to the names "Camp Coast to Coast," "Coast to Coast," and the winged "Coast to Coast Est. 1972" logo;

5. That the orders specified herein **SHALL APPLY** to defendant, as specified in this order, and to defendant's agents, servants, employees, independent contractors, consultants, attorneys-in- fact, attorneys-in-law, and any and all persons in active concert or participation with defendant, jointly or severally, who receive actual notice of this Temporary Restraining Order by personal service or otherwise;

6. That under Fed.R.Civ.P. 65(c), plaintiffs, Camp Coast to Coast, Inc., a Delaware Corporation, Grand Incentives, Inc., a Florida Corporation, and Chicago Title Company, a California Corporation, are **ORDERED** to deposit with the Clerk of the Court a bond in the amount of **$100 (one hundred dollars)** for the payment of such costs and damages as may be suffered by any party later found to have been wrongfully restrained;

7. That the bond **SHALL BE DEPOSITED** with the Clerk of the Court on or before **Monday, May 19, 2008, at 5:00 p.m.** (Mountain Daylight Time);

8. That this Temporary Restraining Order shall expire, if not sooner modified or dissolved, on **Friday, May 30, 2008, at 4:35 p.m.** (Mountain Daylight Time);

9. That the court shall hear plaintiff's motion for preliminary injunction, which is an integral part of **Plaintiff's Motion for Temporary Restraining Order And Preliminary Injunction** [#2], on **Thursday, May 30, 2008, at 4:00 p.m.** (Mountain Daylight Time),

reserving the balance of that afternoon, if necessary, for hearing; and

10. That plaintiffs **SHALL SERVE** a copy of this Temporary Restraining Order on defendant, Woodbine Investments, LLC, in the manner prescribed by law.

Dated at 4:35 p.m.(MDT), May 15, 2008, at Denver, Colorado.

**BY THE COURT:**

**S/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**