IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-00981-REB-BNB

CAMP COAST TO COAST, INC., a Delaware Corporation,
GRAND INCENTIVES, INC., a Florida Corporation, and
CHICAGO TITLE COMPANY, a California Coporation,

    Plaintiffs,

v.

WOODBINE INVESTMENTS, LLC, a Wyoming Corporation,

    Defendant.

## PRELIMINARY INJUNCTION

**Blackburn, J.**

This matter is before me on the plaintiff's motion for preliminary injunction, which is a part of **Plaintiff's Verified Motion for Temporary Restraining Order** [#2], filed May 12, 2008. Defendant Woodbine Investments, LLC, has been served properly with a summons and copies of the plaintiff's complaint, the motion for temporary restraining order, and the Temporary Restraining Order itself. I grant the motion.

## I. BACKGROUND

This civil action was commenced on May 12, 2008, by plaintiff's filing of the **Verified Complaint** [#1]. The verified complaint avers three substantive claims for relief: 1) breach of the Distribution and Fulfillment Agreement; 2) breach of the Escrow Agreement; and 3) conversion and infringement of trade secrets. I have subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship). Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391.

I granted plaintiff's motion for a temporary restraining order following a hearing on

May 15, 2008.  (*See* **Temporary Restraining Order** [#13], filed May 15, 2008.)  The TRO was set to expire by its own terms and in accordance with Fed.R.Civ.P. 65(b) at 4:35 p.m. MDT on Friday, May 30, 2008.  (*Id.* at 4, ¶ 8.)  A hearing on plaintiffs' motion for preliminary injunction was scheduled for an held on Friday, May 30, 2008, at 4:00 p.m.  (*Id.* at 4, ¶ 9.)  Although defendant was served with a copy of the TRO (*see* **Return of Service** [#17], filed May 15, 2008), it did not appear by counsel or otherwise.

## II.  ANALYSIS

In determining whether a preliminary injunction should be entered, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*.  I also have considered the evidence adduced at the hearing, the oral argument made by counsel for plaintiffs, and the evidence presented, reasons stated, arguments advanced, and authorities cited by plaintiffs in their verified motion.

A preliminary injunciton is extraordinary relief.  A party seeking a preliminary injunction order must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) that the injunction, if issued, would not be adverse to the public interest.  ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980).

On balance, the record in this case demonstrates that all four of these factors weigh heavily in favor of preliminary injunctive relief.

## III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That under Fed.R.Civ.P. 65, **Plaintiff's Verified Motion for Temporary Restraining Order** [#2], filed May 12, 2008, is **GRANTED** on the terms stated in this order, **EFFECTIVE FORTHWITH**;

2. That pending further order, defendant, Woodbine Investments, LLC, and its agents, servants, employees, independent contractors, consultants, attorneys-in- fact, attorneys-in-law, and any and all persons in active concert or participation with defendant, jointly or severally, who receive actual notice of this Preliminary Injunction by personal service or otherwise, are **PRELIMINARILY ENJOINED AND RESTRAINED** from the following actions:

    a. Contacting or communicating with any consumer purchasers ("Participants") in the Coast to Coast Getaways Club ("Program");

    b. Using or disseminating personal information relating to Participants, including but not limited to Participants' names, addresses, telephone numbers, fax numbers, email addresses, and other contact information, personal information, and financial information of Participants ("Participant Information");

    c. Using plaintiff Camp Coast To Coast, Inc.'s trademarks, including but not limited to the names "Camp Coast to Coast," "Coast to Coast," and the winged "Coast to Coast Est. 1972" logo; and

3. That plaintiffs **SHALL SERVE** a copy of this Preliminary Injunction on defendant, Woodbine Investments, LLC, in the manner prescribed by law.

Dated May 30, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**