IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-00981-REB

CAMP COAST TO COAST, INC., a Delaware corporation,
GRAND INCENTIVES, INC., a Florida corporation, and
CHICAGO TITLE COMPANY, a California corporation,

    Plaintiffs,
v.

WOODBINE INVESTMENTS, LLC, a Wyoming corporation,

    Defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion for Default Judgment** [#29], filed October 16, 2008. I deny the motion.

This civil action was commenced on May 12, 2008, by plaintiff's filing of the **Verified Complaint** [#1]. The verified complaint avers three substantive claims for relief: 1) breach of the Distribution and Fulfillment Agreement; 2) breach of the Escrow Agreement; and 3) conversion and infringement of trade secrets.

I have subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship). Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391.

I granted plaintiffs' motion for a temporary restraining order following a hearing on May 15, 2008. (*See* **Temporary Restraining Order** [#13], filed May 15, 2008.) The TRO was set to expire by its own terms and in accordance with Fed.R.Civ.P. 65(b) at

4:35 p.m. MDT on Friday, May 30, 2008. (*Id*. at 4, ¶ 8.)  A hearing on plaintiffs' motion for preliminary injunction was scheduled for a hearing on Friday, May 30, 2008, at 4:00 p.m.  (*Id*. at 4, ¶ 9.) Although defendant was served with a copy of the TRO (*see* **Return of Service** [#17], filed May 15, 2008), it did not appear by counsel or otherwise. Following that hearing, I entered a **Preliminary Injunction** [#24], filed May 30, 2008, enjoining defendant as follows:

> a. Contacting or communicating with any consumer purchasers ("Participants") in the Coast to Coast Getaways Club ("Program");
>
> b. Using or disseminating personal information relating to Participants, including but not limited to Participants' names, addresses, telephone numbers, fax numbers, email addresses, and other contact information, personal information, and financial information of Participants ("Participant Information");
>
> c. Using plaintiff Camp Coast To Coast, Inc.'s trademarks, including but not limited to the names "Camp Coast to Coast," "Coast to Coast," and the winged "Coast to Coast Est. 1972" logo[.]

(**Preliminary Injunction** at 3, ¶ 2.)

Given defendant's failure to appear or defend in this action, plaintiffs sought and were granted a **Clerk's Entry of Default** [#27], filed June 9, 2008, pursuant to Fed.R.Civ.P. 55(a).  When the case then appeared to languish, I issued an **Order To Show Cause** [#28], filed October 8, 2008, requiring plaintiffs to show cause why the case should not be administratively closed or dismissed for failure to prosecute. Plaintiffs responded to the show cause order (**Response to Order To Show Cause**

[#31], filed October 16, 2008)[1] and also filed the present motion for default judgment pursuant to Fed.R.Civ.P. 55(b).

Plaintiffs' motion seeks only a permanent injunction, having determined that "Defendant has apparently closed its offices and ceased to operate as a going concern, and is unlikely to answer a judgment for monetary damages." (**Response to Order To Show Cause** at 1-2.) By virtue of that same fact, however, plaintiffs cannot establish the type of ongoing or continuing threat of future harm that undergirds the extraordinary remedy of permanent injunctive relief:

> The purpose of an injunction is to prevent future violations. . . . . [T]he moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive. The chancellor's decision is based on all the circumstances; his discretion is necessarily broad and a strong showing of abuse must be made to reverse it. To be considered are the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations.

*Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1230 (10th Cir. 1997) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1953)). *See also Law v. National Collegiate Athletic Association*, 185 F.R.D. 324, 349-50 (D. Kan.1999) (noting that "mere proof of a past violation does not justify injunctive relief because an injunction is only available to prevent continuing or future harm") (citing *United States v. Oregon State Medical Society*, 343 U.S. 326, 333, 72 S.Ct. 690, 695, 96 L.Ed. 978 (1952)). If there is no proof of future violations, the

---

[1] The Order To Show Cause was subsequently discharged. (**Order Discharging Order To Show Cause** [#32] filed November 7, 2008.)

3

movant lacks standing to seek a permanent injunction.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06, 103 S.Ct. 1660,1667, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974)); *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 493 (10th Cir. 1998).

The mere fact of defendant's default *per se* does not entitle plaintiffs *ipso facto* to the entry of permanent injunctive relief.  "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course."  *Winter v. Natural Resources Defense Council*, 2008 WL 4862464 at *16 (November 12, 2008); *see also Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 (10th Cir. 1992), *cert. denied*, 114 S.Ct. 98 (1993). Plaintiffs have produced no evidence suggesting that there is any danger of future communications between defendant and plaintiffs' participants of the kind that precipitated this lawsuit.  Indeed, it appears that defendant has ceased operations all together.  It is difficult to imagine that defendant could pose a continuing threat of future violations under those circumstances.

Thus, it appears that at this juncture, this lawsuit has accomplished by operation of time and circumstance plaintiffs' original purpose.  The entry of a permanent injunction is not warranted on the facts presented.  The motion for default judgment must be denied.  Moreover, given the circumstances, I find and conclude that the matter should be administratively closed as provided by the Local Rules of this district, subject to reopening for good cause shown.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion for Default Judgment** [#29], filed October 16, 2008,

is **DENIED**; and

2. That the Clerk of the Court is **DIRECTED** to administratively close this matter pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause shown.

Dated November 17, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**